W.S. Wilson Leung – 190939
    Wleung@mpbf.com
Thomas P. Mazzucco - 139758
    TMazzucco@mpbf.com
James A. Lassart – 40913
    JLassart@mpbf.com
Christopher R. Ulrich - 271288
    CUlrich@mpbf.com
Mariah S. Cooks – 333361
    MCooks@mpbf.com
Matthew J. Frauenfeld - 336056
    MFrauenfeld@mpbf.com

**MURPHY, PEARSON, BRADLEY & FEENEY**
550 California Street, Floor 14
San Francisco, CA 94104-1001
Telephone:    (415) 788-1900
Facsimile:    (415) 393-8087

Attorneys for Plaintiff
**SHERIFF CHRISTINA CORPUS**

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SHERIFF CHRISTINA CORPUS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DAVID CANEPA, President and Member of the San Mateo County Board of Supervisors, NOELIA CORZO, Vice-President and Member of the San Mateo County Board of Supervisors, JACKIE SPEIER, Member of the San Mateo County Board of Supervisors, RAY MUELLER, Member of the San Mateo County Board of Supervisors, LISA GAUTHIER, Member of the San Mateo County Board of Supervisors, and DOES 1-10,<br><br>　　　　　Defendants. | Case No.: 25-CV-05962-VC<br><br>**DECLARATION OF W.S. WILSON LEUNG IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION** |

I, W.S. WILSON LEUNG, hereby declare as follows:

1.　　I am an attorney admitted to the state bars of California and New York and am Senior

1. Counsel with the law firm of Murphy, Pearson, Bradley & Feeney ("Murphy Pearson") in San Francisco, California. Murphy Pearson represents Christina Corpus, the duly elected Sheriff of San Mateo County, Plaintiff in the above-captioned matter

2. I respectfully submit this Declaration in support of Plaintiff's Motion for Preliminary Injunction, filed in the Northern District of California, asking the Court to enjoin Defendants, the current members of the San Mateo County Board of Supervisors, from removing her from office pursuant to Article IV, § 412.5 of the San Mateo County Charter and the removal procedures Defendants have promulgated.

3. Attached as Exhibit 1 hereto is a true and correct copy of the article, "San Mateo County Elects First Latina Sheriff in California with Promises of Reform," *San Jose Mercury News*, June 10, 2022. Extraneous pages have been omitted.

4. Attached as Exhibit 2 hereto is a true and correct copy of the article, "History Made: 2 Latinas Elected to Run Sheriff's Departments in the Bay Area," *NBC Bay Area*, June 16, 2022. Extraneous pages have been omitted.

5. Attached as Exhibit 3 hereto is a true and correct copy of the "San Mateo County Sheriff's Office FY 2023-2024 Performance Measures."

6. Attached as Exhibit 4 hereto is a true and correct copy of a transcript of the June 11, 2025 Pre-Removal Conference conducted by San Mateo County Chief Probation Officer Johne Keen.

7. Attached as Exhibit 5 hereto is a true and correct copy of the investigation report of retired California state court judge LaDoris Cordell. The attached copy contains redactions; I have been unable to procure an unredacted copy.

8. Attached as Exhibit 6 hereto is a true and correct copy of a November 12, 2024 email announcing the availability of the investigation report of LaDoris Cordell issued under Mr. Callagy's name by the San Mateo Assistant County Executive Iliana Rodriguez.

9. Attached as Exhibit 7 hereto is a true and correct copy of the minutes of the November 13, 2024 meeting of the San Mateo County Board of Supervisors.

10. Attached as Exhibit 8 hereto is a true and correct copy of the minutes of the November 19, 2024 meeting of the San Mateo County Board of Supervisors.

11. Attached as Exhibit 9 hereto is a true and correct copy of a transcript of the November 19, 2024 meeting of the San Mateo County Board of Supervisors.

12. Attached as Exhibit 10 hereto is a true and correct copy of a transcript of the December 3, 2024 meeting of the San Mateo County Board of Supervisors.

13. Attached as Exhibit 11 hereto is a true and correct copy of the article, "Just How Will Corpus Go?", *Daily Journal*, November 14, 2025. An extraneous page has been omitted.

14. Attached as Exhibit 12 hereto is a true and correct copy of the article, "Yes on Measure A: Remove Corpus ASAP," *Palo Alto Daily Post*, February 10. Extraneous pages have been omitted.

15. Attached as Exhibit 13 hereto is a true and correct copy of the Grievance Form submitted by James Taylor on or about October 29, 2024.

16. Attached as Exhibit 14 hereto is a true and correct copy of the November 5, 2024 Incident Report relating to James Taylor.

17. Attached as Exhibit 15 hereto is a true and correct copy of the February 18, 2025 Incident Report relating to James Taylor.

18. Attached as Exhibit 16 hereto is a true and correct copy of the February 20, 2025 Tarasoff Notification relating to James Taylor.

19. Attached as Exhibit 17 hereto is a true and correct copy of the results for the March 4, 2025 Measure A special election.

20. Attached as Exhibit 18 hereto is a true and correct copy of the text of § 412.5, presented as part of Ordinance 4899 for the Measure A special election of March 4, 2025. The current version of the San Mateo County Charter available online does not appear to have been updated with § 412.5.

21. Attached as Exhibit 19 hereto is a true and correct copy of the investigation report ("Keker Report") of the Keker, Van Nest, & Peters law firm ("Keker"), packaged as the Notice of Intent to Remove of June 6, 2025. The copy attached is missing pages 7-8 of the nine-page Removal Procedures.

22. Attached as Exhibit 20 hereto is a true and correct copy of the nine-page Removal Procedures approved by the San Mateo County Board of Supervisors.

23. Attached as Exhibit 21 hereto is a true and correct copy of the one-page Keene Recommendation dated June 17, 2025, issued by Chief Probation Officer John Keene following the June

3
DEC. OF W.S. WILSON LEUNG ISO MOTION FOR PRELIM. INJUNCTION

11, 2025 Pre-Removal Conference. Defendants on June 24, 2025 formally voted to approve Mr. Keene's recommendation and to issue a Final Notice of Decision to Remove to Sheriff Corpus.

24. Attached as Exhibit 22 hereto is a true and correct copy of the June 27, 2025 appeal and request for a Removal Hearing by Sheriff Corpus.

25. Attached as Exhibit 23 hereto is a true and correct copy of the June 27, 2025 Accusation returned by the Civil Grand Jury in San Mateo County.

26. Attached as Exhibit 24 hereto is a true and correct copy of the June 27, 2025 Order of San Mateo Superior Court Judge Shapirshteyn.

27. Attached as Exhibit 25 hereto is a true and correct copy of an email thread spanning July 1-7, 2025 involving the San Mateo County Superior Court, attorneys from Keker, and Sheriff Corpus's counsel and support staff at Murphy Pearson.

28. Attached as Exhibit 26 hereto is a true and correct copy of a Filing Rejection Notification dated July 2, 2025.

29. Attached as Exhibit 27 hereto is a true and correct copy of "San Mateo County Supervisors Accept Recommendation to Remove Sheriff Christina Corpus from Office," posted on the web site of the San Mateo County Executive Web on June 24, 2025.

30. Attached as Exhibit 28 hereto is a true and correct copy of the article, "San Mateo County Supervisors Take Historic Vote to Remove Sheriff," *KQED*, June 24, 2025.

31. Attached as Exhibit 29 hereto is a true and correct copy of the article, "A County Leper Still Refuses to Leave her Post," *Daily Journal*, July 9, 2025.

32. Attached as Exhibit 30 hereto is a true and correct copy of the article, "Confidential Documents in Sheriff Corpus Case Posted on Court Website," along with comments, *Palo Alto Daily Post*, July 2, 2025.

33. Attached as Exhibit 31 hereto is a true and correct copy of the article, "Early Results Show Ballot Measure to Oust Sheriff Appears Headed to Landslide Victory," the *Almanac*, March 4, 2025.

34. Attached as Exhibit 32 hereto is a true and correct copy of a printout of a posting on the San Mateo Deputy Sheriff's Association web page, captured on or about July 11, 2025, advising union

members not to protest at Sheriff Corpus's home.

35. Attached as Exhibit 33 hereto are true and correct copies of two wanted flyers for James Taylor issued by the San Mateo Sheriff's Office in March 2025. His date of birth has been redacted.

36. Attached as Exhibit 34 hereto is a true and correct copy of a warrant status printout for James Taylor indicating his arrest on March 20, 2025.

37. Attached as Exhibit 35 hereto is a true and correct copy of the article, "San Mateo Co. Sheriff Corpus Accused of Misconduct by Civil Grand Jury," *ABC7News*, June 30, 2025. Extraneous pages have been omitted.

38. Attached as Exhibit 36 hereto is a true and correct copy of the article, "Sergeants Union in San Mateo County said Retaliation was 'Shockingly Obvious,'" *Daily Journal*, July 18, 2025.

39. Sheriff Corpus is scheduled for a § 412.5 Removal Hearing before retired Santa Clara Superior Court Judge James Emerson from August 18-29, 2025. Preparations for the Removal Hearing began weeks ago: *e.g.*, the parties have exchanged exhibit and witness lists and filed additional submissions on July 21, 2025. The parties also held a case management conference on July 14, 2025, with another scheduled for July 25, 2025.

40. Sheriff Corpus was subpoenaed to testify before the San Mateo County Civil Grand Jury, which was considering removing her from office pursuant to California Government Code § 3060. Sheriff Corpus testified before the Civil Grand Jury on June 20 and 23, 2025, and the Civil Grand Jury returned a four-count Accusation against her on June 27, 2025. Sheriff Corpus made her initial appearance on the Accusation before Judge Stephanie Garratt of the San Mateo County Superior Court on July 15, 2025, and appeared on July 21, 2025 before Judge Mark McCannon, who will be presiding over the matter through trial.

41. On June 9, 2025, my colleague Matthew Frauenfeld and I appeared on San Mateo Superior Court Judge Nicole Healy's *ex parte* calendar, seeking a temporary restraining order to stop the removal proceeding against Sheriff Corpus. Attorneys from Keker appeared via Zoom. Both sides presented brief arguments. Relating to the issue of ripeness, one argument presented on Sheriff Corpus's behalf was that allowing the removal proceeding to continue would cause reputational harm to her. In addition to ripeness, the issue of administrative exhaustion was also raised, but Judge Healy ruled before

counsel for Sheriff Corpus was able to respond. Judge Healy denied Sheriff Corpus's petition, holding in an oral order that the matter was not ripe, given that the Pre-Removal Conference had not yet taken place. There was no court reporter present.

42. Following Judge Healy's denial of Sheriff Corpus's petition, both Keker and Murphy Pearson submitted written proposed orders for Judge Healy's consideration. In response, Judge Healy's department advised the parties via email that Sheriff Corpus's matter had been reassigned to Judge Shapirshteyn of the San Mateo County Court.

43. On June 27, 2025, following the June 11, 2025 Pre-Removal Conference, the issuance of Chief Probation Officer John Keene's recommendation, and the issuance of the Board of Supervisor's Final Notice of Decision to seek Sheriff Corpus's removal, my colleagues Mr. Frauenfeld and Christopher Ulrich and I again sought to enjoin the removal proceeding, deeming the matter ripened. We appeared on Judge Shapirshteyn's *ex parte* calendar for that day. Attorneys from Keker also appeared. Judge Shapirshteyn, however, without coming into court and without hearing argument from either party, signed a written proposed order submitted by Keker, which denied Sheriff Corpus's petition for failure to exhaust administrative remedies. A true and correct copy of this order is attached hereto as Exhibit 24.

44. On July 1, 2025, Mr. Frauenfeld attempted to file a motion for reconsideration with Judge Shapirshteyn, relying on California state decisions – *e.g.*, *Briley* v. *City of West Covina*, 66 Cal. App.5th 119 (2021); *KCSFV I, LLC* v. *Florin County Water Dist.*, 64 Cal. App. 5th 1015 (2021); *Coachella Valley Mosquito & Vector Control Dist.* v. *PERB*, 35 Cal. 4th 1072 (2005) -- holding that administrative exhaustion is not required before a court can adjudicate claims challenging the constitutional sufficiency of the administrative processes themselves, as well as an *ex parte* motion to shorten time for reconsideration. Judge Shapirshteyn was unavailable that week, however. As a result, Mr. Frauenfeld, mindful of the usual ten-day window for motions for reconsideration, on July 2, 2025 contacted the department of Judge Don Franci of the San Mateo County Superior Court, who, according to Judge Shapirshteyn's calendar, was covering for her in her absence. Judge Franci's department, however, without further explanation, responded that "Judge Franci cannot hear this ex parte application." A true and correct copy of an email thread spanning July 1-7, 2025 containing this response is attached hereto

as Exhibit 25.

45. On July 2, 2025, Mr. Frauenfeld was notified that the motion for reconsideration for Judge Shapirshteyn had been rejected for filing, and he was directed to "reach out to dept 11 [Judge Shapirshteyn's department] for a hearing date prior to resubmission of documents." A true and correct copy of this Filing Rejection Notification is attached as Exhibit 26.

46. On July 3, 2025, Mr. Frauenfeld emailed Department 11 and asked for the earliest available hearing date for Sheriff Corpus's motion for reconsideration. Department 11 responded four days later, with an email setting March 12, 2026 at 3 pm as the hearing date.

47. Because the March 12, 2026 hearing date was too late to be meaningful for Sheriff Corpus, on July 10, 2025, Messrs. Frauenfeld and Ulrich appeared on Judge Shapirshteyn's *ex parte* calendar again, seeking reconsideration of her denial of the prior petition for a temporary restraining order, and an *ex parte* application to shorten time. Attorneys for Keker were also present. Judge Shapirshteyn saw the parties and asked them to brief why Sheriff Corpus's *ex parte* application to shorten time should not be dismissed for lack of jurisdiction.

48. The parties submitted their briefs relating to the *ex parte* application to shorten time the next morning and later appeared again before Judge Shapirshteyn. At this appearance, Judge Shapirshteyn denied Sheriff Corpus's *ex parte* application to shorten time, but set a hearing on the motion for reconsideration for August 14, 2025.

Pursuant to Title 28, United States Code, Section 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED: July 23, 2025

By: /s/ W.S. Wilson Leung
W.S. Wilson Leung