EXHIBIT 20

## BOARD OF SUPERVISORS — SHERIFF REMOVAL PROCEDURES

### FOREWORD

The County of San Mateo ("the County") is one of 14 charter counties in California. The County adopted its Charter in 1932 after it was ratified by San Mateo County voters. As a charter county, the County has authority under Article II, Section 19 and Article XI, Section 4 of the California Constitution to provide, in its County Charter, removal procedures for an elected Sheriff.

On March 4, 2025, the County held a countywide special election for Measure A to amend the County's Charter to grant the County Board of Supervisors the authority, until December 31, 2028, to remove the elected Sheriff of San Mateo County ("Sheriff"), for cause, by a four-fifths vote of the Board. Measure A passed overwhelmingly and following action by the Board of Supervisors and submission to the Secretary of State is now effective, resulting in Section 412.5 being added to Article IV of the County Charter ("Section 412.5").

Section 412.5 reads, in its entirety, as follows:

> a. The Board of Supervisors may remove a Sheriff from office for cause, by a four-fifths vote, after a Sheriff has been:
> (1) Served with a written statement of alleged grounds for removal; and
> (2) Provided a reasonable opportunity to be heard regarding any explanation or defense.
>
> b. For the purposes of this Section 412.5, "cause" shall mean any of the following:
> (1) Violation of any law related to the performance of a Sheriff's duties; or
> (2) Flagrant or repeated neglect of a Sheriff's duties as defined by law; or
> (3) Misappropriation of public funds or property as defined in California law; or
> (4) Willful falsification of a relevant official statement or document; or
> (5) Obstruction, as defined in federal, State, or local law applicable to a Sheriff, of any investigation into the conduct of a Sheriff and/or the San Mateo County Sheriff's Office by any government agency (including the County of San Mateo), office, or commission with jurisdiction to conduct such investigation.
>
> c. The Board of Supervisors may provide for procedures by which a removal proceeding pursuant to this Section 412.5 shall be conducted.
>
> d. This Section 412.5 shall not be applied to interfere with the independent and constitutionally and statutorily designated investigative function of a Sheriff.
>
> e. This Section 412.5 shall sunset and be of no further force and effect as of December 31, 2028 unless extended by voters of San Mateo County.

Pursuant to Section 412.5, subsection (c), the County now establishes by Resolution, the following procedure for removing a Sheriff.

1

**I. Sheriff Removal Procedures and Hearing Timing**

1. Removal Procedures Initiation

    (A) In order to initiate the Sheriff Removal Procedures ("Sheriff Removal Procedures"), the Board of Supervisors ("the Board") must approve, by at least a four-fifths vote of its members, the issuance of a written Notice of Intent to Remove the Sheriff ("Notice of Intent").

2. Content and Service of Notice of Intent to Remove

    (A) Once the Board has initiated the Sheriff Removal Procedures, it must cause to be provided to the Sheriff's official work email address the Notice of Intent, that was approved by at least a four-fifths vote of the Board, which shall constitute adequate notice that the Board has initiated the removal process.

    (B) The Notice of Intent shall include all of the following:

        (1)    A statement that the Board has initiated the Sheriff Removal Procedures;

        (2)    A statement of the alleged grounds supporting the Sheriff's Removal; and

        (3)    A statement that upon receipt of the Notice of Intent, the Sheriff shall have five (5) calendar days[3] to appear at the Pre-Removal Conference on the date identified in the Notice.

3. Pre-Removal Conference

    (A) Upon receipt of the Notice of Intent, the Sheriff shall have five (5) calendar days to appear at a Pre-Removal Conference – that the Chief Probation Officer of San Mateo County will preside over – for an opportunity to respond to the allegations against the Sheriff in support of the Sheriff's removal ("Pre-Removal Conference"). The Sheriff's failure to appear at the Pre-Removal Conference will be deemed a waiver of the right to a Removal Hearing. In the event the Chief Probation Officer is unable to preside over the Pre-Removal Conference, the County Coroner shall preside over the Pre-Removal Conference. If neither the Chief Probation Officer nor the Coroner is able to preside over the Pre-Removal Conference, the President of the Board of Supervisors will designate an alternate to preside over the Pre-Removal Conference.

    (B) The Pre-Removal Conference will be recorded, unless either the Sheriff or the County (each a "Party," collectively "the Parties") objects to it being recorded.

    (C) The individual presiding over the Pre-Removal Conference shall consider the information presented at the Pre-Removal Conference and issue a recommendation, in writing, to the Board regarding whether to remove the Sheriff.

    (D) Upon receipt of the recommendation from the Pre-Removal Conference, the Board shall, as soon as practicable thereafter, render its decision (subject to an appeal via Removal Hearing, as set forth below) to either sustain or reject the recommendation. After review and

---

[3] All references to days contained herein are for calendar days, unless specified otherwise.

consideration of the recommendation, the Board must obtain at least a four-fifths vote to remove the Sheriff (subject to an appeal via Removal Hearing). After rendering its decision, the Board shall direct staff to provide to the Sheriff, in writing, the Board's "Final Notice of Decision."

4. <u>Final Notice of Decision (Subject to Appeal Via Removal Hearing)</u>

If the Board by a four-fifths vote determines to proceed with removal of the Sheriff, a Final Notice of Decision to remove the Sheriff (subject to appeal via Removal Hearing) shall include all of the following information:

(1) The specific ground(s) enumerated in Section 412.5 that the Board has determined constitutes the ground(s) to remove the Sheriff;

(2) That the Sheriff shall have the right to appeal the Board's decision and request an appeal hearing ("Removal Hearing") before a Hearing Officer;

(3) That to exercise the right to appeal and receive a Removal Hearing, the Sheriff must provide written notice to the Assistant Clerk and Deputy Clerk of the Board of Supervisors (presently, Sukhmani Purewal and Sherry Golestan), at spurewal@smcgov.org and sgolestan@smcgov.org, within five (5) days of receiving the Final Notice of Decision; that the Sheriff must include in the request for a Removal Hearing a detailed statement of the facts and grounds for appealing the Final Notice of Decision; and that the Sheriff will be barred from raising any bases for appeal not contained therein;

(4) That if the Sheriff fails to timely exercise the right to appeal, the Sheriff will be deemed to have waived the right to appeal and the Board's decision will be final and binding;

(5) That if the Sheriff exercises the right to appeal, the Removal Hearing will be open to the public; unless the Sheriff, within five (5) days of receiving the Final Notice of Decision, formally objects, in the Sheriff's written request for an appeal, to an open hearing and requests a closed hearing; failure to timely object will result in the Removal Hearing being open to the public, and the Sheriff will be deemed to have waived any right to confidentiality that may exist in any documents presented at the open Removal Hearing;

(6) That the Board will propose to the Sheriff a list of at least three (3) neutral Hearing Officers, with experience in public safety officer disciplinary matters, available to timely preside over the Removal Hearing, with a preference that such Hearing Officer who otherwise meets these criteria be a retired judge;

(7) That at the conclusion of the Removal Hearing, the Hearing Officer will prepare and submit an advisory opinion to the Board; and

(8) That upon receipt and consideration of the Hearing Officer's advisory opinion, the Board will make the Final Post-Hearing Decision for Removal of the Sheriff, with at least a four-fifths vote required to remove the Sheriff, and the Board's decision will be final and binding.

3

5. Removal Hearing Request

    (A) The Sheriff must submit an appeal/request for a Removal Hearing, in writing, within five (5) days of the Board issuing its Final Notice of Decision, to Sukhmani Purewal at spurewal@smcgov.org, and Sherry Golestan at sgolestan@smcgov.org. The request must contain a detailed statement of the facts and grounds for the appeal; the Sheriff will be barred from raising any bases for appeal not contained therein.

    (B) If the Sheriff exercises the right to appeal, the Removal Hearing will be open to the public, unless the Sheriff, within five (5) days of receiving the Final Notice of Decision, formally objects, in the Sheriff's written request for an appeal, to an open Removal Hearing and requests a closed Removal Hearing.

**II. Hearing Officer Selection**

1. Hearing Officer List

    (A) If the Board approves of the Final Notice of Decision to Remove the Sheriff, the Board must thereafter provide to the Sheriff, and to the County, a list of at least (3) neutral Hearing Officers available to preside over the Sheriff's Removal Hearing ("Hearing Officer List").

    (B) The Parties will have five (5) days after the Board provides the Hearing Officer List to meet and select a Hearing Officer from the Hearing Officer List. The Parties shall select the Hearing Officer either by mutual agreement or by alternately striking names from the Hearing Officer List until one Hearing Officer remains – wherein the remaining name shall be the Hearing Officer to preside over the Removal Hearing. Failure of the Sheriff to cooperate with the timely scheduling of this selection meeting or any other matter required by these procedures, shall be deemed a waiver of the right to appeal.

    (C) On the same day the Parties select the Hearing Officer, they must notify the Assistant County Executive of their Hearing Officer selection. Upon receipt of notice of the Hearing Officer selection, the Assistant County Executive, or their designee, will notify the Hearing Officer of their selection to preside over the Removal Hearing.

**III. Removal Hearing**

1. Removal Hearing Scheduling

    (A) Within five (5) days after the Hearing Officer receives notice of their selection, the Hearing Officer must set the dates and time for the Removal Hearing to proceed. Each Party shall have no more than five (5) full days to present its case at the Removal Hearing. A "full day" shall be at least seven (7) hours of proceedings before the Hearing Officer, not including breaks. The Hearing Officer shall afford each Party an equal amount of time to present its case (through direct and cross examination of witnesses), and the Hearing Officer shall have discretion to limit or grant additional time to either Party, based upon a showing of good cause. The Hearing Officer must schedule the Removal Hearing to be completed within 30 to 60 calendar days of the date they were notified of their selection to serve as the Hearing Officer.[2]

---

[2] The Board may make an exception to this rule in the event of unavailability of the selected Hearing Officer. However, it is the stated interest of the Board that any Removal Hearing be completed as quickly

(B) At the Removal Hearing, the County will present its case-in-chief first, and the Sheriff will present their case-in-chief second. Since the County bears the burden of proof, the County may reserve time after the Sheriff's case-in-chief for rebuttal.

2. The Removal Hearing

(A) At the Removal Hearing the Parties shall be entitled to:

(1) Be represented by counsel or by a representative of their choice;

(2) Submit an optional pre-hearing written brief at least five (5) days before the first day of the Removal Hearing;

(3) Be permitted to make opening and closing statements;

(4) Offer testimony under oath or affirmation;

(5) Subpoena material witnesses on their behalf;

(6) Cross-examine all witnesses appearing against them;

(7) Impeach any material witness before the Hearing Officer; and

(8) Present such relevant exhibits and other evidence as the Hearing Officer deems pertinent to the matter then before them, subject to the authority of the Hearing Officer to exclude irrelevant or cumulative evidence. The Hearing Officer shall also have the authority to issue a protective order as to any documents, testimony, or other evidence, as necessary to protect the privacy rights of third parties or to address any other issues of confidentiality or privilege that arise during the Removal Hearing.  Use of these proceedings, including the discovery process, for the purpose of harassment, undue delay, or for any other improper purpose will not be permitted, and may result in discovery sanctions/remedies being imposed by the Hearing Officer.

(B) The Sheriff shall personally appear for each day of the Removal Hearing. The County may either call the Sheriff to testify in its case-in-chief as an adverse witness, or may reserve its right to call the Sheriff at a later time in the proceeding. In the event the Sheriff refuses to testify, or otherwise becomes unavailable, the Hearing Officer shall have discretion to draw an adverse inference against the Sheriff, or to dismiss the Sheriff's appeal altogether.  The Hearing Officer shall also have discretion to consent to the absence of the Sheriff upon a showing of good cause. An unexcused absence of the Sheriff, whose presence is required at the Removal Hearing, may be deemed a withdrawal of the Sheriff's appeal.

(C) The Removal Hearing shall be informal and need not be conducted according to technical rules relating to evidence and witnesses. Any relevant evidence shall be admitted if it is the sort of evidence on which hearing officers are accustomed to rely in the conduct of serious affairs, regardless of the existence of any common law or statutory rule that might impact the admissibility of such evidence over objection in civil actions. Hearsay evidence may be admitted

---

and efficiently as possible to ensure that the operations of the Sheriff's Office, and its service to the citizens of the County, are not impacted through protracted proceedings.

for any purpose, but shall not be sufficient, in itself, to support a material finding unless it would be admissible over objection in civil actions or if it is independently corroborated by reliable and credible evidence admitted during the Removal Hearing. The rules of privilege and of official or judicial notice shall be effective to the same extent as in civil actions. Irrelevant or cumulative evidence shall be excluded. Oral evidence shall be taken only under oath or affirmation.

(D) The Removal Hearing shall be electronically recorded or conducted with a stenographic reporter. The Parties may obtain a recording or transcript of the Removal Hearing by making independent arrangements with the recorder or reporter for the preparation thereof. The County shall bear the cost of the Hearing Officer.

(E) The Hearing Officer shall have discretion and authority to control the conduct of the Parties and any person present at the Removal Hearing. The Hearing Officer shall have the right to sequester from the Removal Hearing any witness(es) who has/have not yet provided testimony, and remove any person who the Hearing Officer finds to be unruly or who attempts to interfere with the Removal Hearing.

(F) At the conclusion of the evidentiary portion of the hearing, the Parties will be permitted to present oral closing arguments to the Hearing Officer. As the County bears the burden of proof, it will present its closing argument first, followed by the Sheriff, with the County permitted to reserve time for rebuttal, if it so chooses. The Hearing Officer shall have discretion to place time limits on closing arguments. The Parties may, but will not be required, to submit closing written briefs, due within fourteen (14) days of the conclusion of the Removal Hearing.[3] No extensions of time to submit the optional closing written briefs will be permitted.

3. Advisory Opinion of the Hearing Officer

(A) Once the Removal Hearing concludes, the Hearing Officer will have forty-five (45) days to submit a written advisory opinion to the Board.

(B) The Hearing Officer's advisory opinion shall:

(1) Employ the "preponderance of the evidence" standard of proof over the evidence presented;

(2) Analyze and issue an advisory opinion as to whether the County had cause, as defined in Section 412.5 of the County Charter, to remove the Sheriff; and

(3) Include findings of fact and a proposed advisory opinion to the Board, limited to the statement of the issue of whether the County had cause, under Section 412.5, to remove the Sheriff.

---

[3] The Parties may rely on daily or rough transcripts of the proceedings in preparing the optional supplemental closing written briefs.

**IV. Board of Supervisors Final Decision After Removal Hearing**

1. Board of Supervisors Review Period

>   (A) The Board will have up to 30 days from the date of receipt of the Hearing Officer's advisory opinion to independently review the Hearing Officer's advisory opinion and the administrative record.

2. Board of Supervisors Vote – Final Post-Hearing Decision

>   (A) At a Board meeting following receipt and review of the Hearing Officer's advisory opinion, the Board must vote on whether, by a preponderance of the evidence, there was "cause," as defined Section 412.5, to remove the Sheriff.
>
>   (B) The Board shall have the authority to remove the Sheriff for cause only if it obtains at least a four-fifths vote in support of removal.
>
>   (C) Upon the Board obtaining at least a four-fifths vote to remove the Sheriff for cause, the Board will cause to be prepared the Board's Final Decision After Removal Hearing, in writing, wherein the Board will provide its rationale in support of its vote. The Board will review and approve the Final Decision After Removal Hearing at a Board meeting, making the Sheriff's removal effective immediately and final. The Final Decision After Removal Hearing shall be served on the Sheriff by mail to the Sheriff's last known home address of record.

**V. Post-Removal Procedures**

Should the Board, by at least a four-fifths vote, agree to remove the Sheriff for cause, the Board will proceed pursuant to County Charter section 415 (as amended in 2010) to fill the vacancy created by the Sheriff's removal.

**VI. Discovery and Other Rules Governing the Removal Hearing**

1. Scope of Discovery

>   (A) In general, discovery shall be very limited in scope and permitted only if it is relevant, material, and directly pertains to the specific allegation(s), charge(s), or complaint(s) contained in the Notice of Intent to Remove. Discovery shall be permitted only as specifically allowed in this Section VI.
>
>   (B) Discovery shall be reciprocal between the Parties.
>
>   (C) All discovery requests must be narrowly tailored to avoid unreasonable burden, harassment, remoteness, or the production of irrelevant or cumulative evidence.
>
>   >   (1) Voluminous discovery requests are generally disfavored and should not be granted.
>   >
>   >   (2) Abuse of the discovery process for the purpose of harassment is prohibited.
>   >
>   >   (3) The Hearing Officer has discretion to sanction either Party for abuse of the discovery process.

2. Initial Exchange of Exhibits

    (A) Within five (5) days after the Hearing Officer is appointed, the Parties must exchange all exhibits (other than those that will be used for impeachment or rebuttal evidence) they intend to offer or introduce at the Removal Hearing.

3. Limited Additional Discovery

    (A) Within five (5) days after the initial exchange of exhibits, a Party may request additional written discovery, limited in scope and to requests for production of documents, and only for relevant and material evidence.  However, because the Parties must exchange all exhibits they intend to offer or introduce at the Removal Hearing, document requests will be deemed presumptively in violation of Section VI.1(C), above, and may only be permitted at the discretion of the Hearing Officer upon a showing of good cause pursuant to the dispute process provided in subsection (B), below. No depositions, requests for admission, interrogatories, or other type(s) of discovery shall be permitted and all testimony must be offered live before the Hearing Officer.

    (B) If a dispute arises:

        (1) The Parties must meet and confer, in good faith, within five (5) days of the discovery response date to attempt resolution.

        (2) If any dispute remains unresolved at the conclusion of the five (5) day meet-and-confer period, the Parties must each submit the outstanding discovery issues in writing to the Hearing Officer by end of the following business day.  Failure to timely submit discovery disputes to the Hearing Officer are sufficient grounds for rejection of the request.  After reviewing the submission(s) of the Parties, the Hearing Officer shall issue a written ruling to the Parties within five (5) days.

    (C) The responding Party shall have five (5) days to respond to any Hearing Officer approved document request.

4. Testimony

    (A) All testimony must be taken live before the Hearing Officer under oath or affirmation. Declarations or affidavits shall not substitute for live testimony and cross-examination.

    (B) If good cause is shown for the unavailability of a witness to appear in-person, including that the witness does not reside in California, the Hearing Officer, at their discretion, may choose to receive live testimony remotely or by video conference.[4]

5. Subpoenas

    (A) A Party may request the Hearing Officer to issue administrative subpoenas, limited in scope to compel the appearance of witnesses only, and whose testimony is relevant and material to the allegation(s), charge(s), or complaint(s) in the Notice of Intent to Remove. Requests for administrative subpoenas shall be made concurrently with the initial exhibit disclosures as

---

[4] The Hearing Officer may opt to preside by videoconference.

identified in section VI.2 above, and shall be subject to the same meet and confer obligations and deadlines contained in section VI.3(B) above.

6. Relevance and Admissibility

(A) The Hearing Officer shall have discretion and authority to resolve any evidentiary issues or disputes before and during the Removal Hearing, and to take any action or ruling to ensure a fair, impartial, and efficient hearing in accordance with due process.

7. Exhibits and Witness Lists

(A) Each Party shall serve, on all Parties and the Hearing Officer, a written numbered list of exhibits (exchanged pursuant to section VI.2, above) and witnesses, including expert witnesses, at least five (5) days before the first day of the Removal Hearing.  This requirement does not apply to impeachment or rebuttal exhibits or witnesses.

(B) Each Party shall serve, at least two (2) days before the first day of the Removal Hearing, exhibit binders on all Parties and the Hearing Officer, in accordance with the format or form set by the Hearing Officer.

(C) The Hearing Officer shall have discretion to exclude any exhibit or witness that was not included in the submitted exhibit binders or not disclosed in accordance with the applicable deadlines set forth above in VI.7(A), (B).  This remedy does not apply to impeachment or rebuttal evidence.

(D) The Parties are encouraged to meet and confer in advance of the Removal Hearing date and to stipulate to exhibits or witness lists, as well as the admissibility of any exhibits and testimony prior to the commencement of the Removal Hearing.