# EXHIBIT 24

```
 1  KEKER, VAN NEST & PETERS LLP
    JAN NIELSEN LITTLE - # 100029
 2  jlittle@keker.com
    ANDREW DAWSON - # 264421
 3  adawson@keker.com
    TRAVIS SILVA - # 295856
 4  tsilva@keker.com
    633 Battery Street
 5  San Francisco, CA 94111-1809
    Telephone:   415 391 5400
 6  Facsimile:   415 397 7188

 7  Attorneys for Respondents
    COUNTY OF SAN MATEO BOARD OF
 8  SUPERVISORS; COUNTY EXECUTIVE
    MIKE CALLAGY; ASSISTANT CLERK TO
 9  THE BOARD SUKHMANI S. PUREWAL
```



FILED
SAN MATEO COUNTY
JUN 27 2025
Clerk of the Superior Court
By_____
DEPUTY CLERK

*EXEMPT FROM FILING FEES*
*[GOVERNMENT CODE § 6103]*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN MATEO

| | |
|---|---|
| SHERIFF CHRISTINA CORPUS,<br><br>Petitioner,<br><br>v.<br><br>COUNTY OF SAN MATEO BOARD OF SUPERVISORS; COUNTY EXECUTIVE MIKE CALLAGY; ASSISTANT CLERK TO THE BOARD SUKHMANI S. PUREWAL; and DOES 1-10,<br><br>Respondents. | Case No. 25-CIV-04319<br><br>[~~PROPOSED~~] **ORDER DENYING PETITIONER'S APPLICATION FOR EX PARTE AND PETITION FOR WRIT OF MANDATE**<br><br>Date:    June 27, 2025<br>Time:    1:30 p.m.<br>Dept.:   11<br>Judge:   Hon. Nina Shapirshteyn<br><br>Date Filed: June 9, 2025<br><br>Trial Date: Not yet set |

[~~PROPOSED~~] ORDER DENYING PETITIONER'S APPLICATION FOR EX PARTE AND PETITION FOR WRIT
OF MANDATE
Case No. 25-CIV-04319

2995014

1  Petitioner's "Ex Parte Application for Temporary Restraining Order and Order to Show
2  Cause Re: Preliminary Injunction" ("Application") came on ~~for hearing~~ *ex parte* before me on June 27,
3  2025.

6  The Board of Supervisors ("Board") has initiated administrative proceedings to remove
7  Petitioner from the office of Sheriff of San Mateo County pursuant to section 412.5 of the County
8  Charter and procedures adopted by the Board pursuant to that section of the County Charter. The
9  Application seeks to enjoin the ongoing administrative removal proceeding.
10  The Court denies the Application. *The Court grants the request to file Petitioner's oversize brief.*
11  ~~As a threshold matter, Petitioner raised substantially the same arguments in an ex parte~~
12  ~~application presented to a different judge in Department 28 on June 9, 2025. There is no written~~
13  ~~order memorializing the June 9 hearing, but the parties agree that the Court denied the~~
14  ~~Application on June 9, and Petitioner concedes that on June 9 the Court found that a TRO~~
15  ~~application was premature. While the undersigned judge was not present at the June 9 hearing,~~
16  ~~the Court will consider the prior case history when considering this ex parte application.~~
17  ~~Since June 9, additional steps have occurred in the administrative removal process.~~  On
18  June 24, the Board adopted a "Final Notice of Decision" removing Petitioner from office.
19  However, the administrative process is not yet complete, and Petitioner currently remains in her
20  position as Sheriff. Under section 412.5 and its implementing procedures, Petitioner has the right
21  to an administrative appeal of the Board's June 24 decision, and Petitioner will remain as the
22  sheriff during the pendency of that appeal.
23  Petitioner argues that in light of the Board's action, her Application is now ripe even if it
24  was not ripe on June 9. Respondents argue that the Board's action is not final, and the
25  Application is not ripe, because an administrative appeal is available and Petitioner has not
26  exhausted administrative remedies.
27  The Court agrees with Respondents and ~~again~~ denies Petitioner's request for extraordinary
28  relief. "It is a well-recognized rule in this state that if an administrative remedy is provided by

statute, relief must be sought from the administrative body and such remedy must be exhausted before judicial review of the administrative action is available." *Alta Loma Sch. Dist. v. San Bernardino Cnty. Com. On Sch. Dist. Reorganization*, 124 Cal. App. 3d 542, 554 (1981); *see also McPheeters v. Board of Medical Examiners*, 82 Cal. App. 2d 709, 717 (1947) ("[E]ach step in the administrative proceeding cannot be reviewed separately, any more than each ruling in the trial of a civil action may be separately reviewed by a separate appeal."). The exhaustion requirement "is not a matter of discretion; compliance is a jurisdictional prerequisite to judicial review." *Alta Loma Sch. Dist.*, 124 Cal. App. 3d at 554.

The Court lacks jurisdiction until such time as Petitioner has exhausted administrative remedies. *Alta Loma Sch. Dist.*, 124 Cal. App. 3d at 554. The Court will not review interim steps of the administrative process. *McPheeters*, 82 Cal. App. 2d at 717. The Board has not yet rendered a "final decision" with a "direct and immediate impact" on Petitioner, meaning that judicial review is premature. *Santa Barbara Cnty. Flower & Nursery Growers Assn. v. Cnty. of Santa Barbara*, 121 Cal. App. 4th 864, 875 (2004). Administrative proceedings will "promote[] judicial efficiency by unearthing the relevant evidence and providing a record that the court may review." *Unnamed Physician v. Bd. of Trs. of Saint Agnes Med. Ctr.*, 93 Cal. App. 4th 607, 619 (2001). Furthermore, the fact that Petitioner will remain in office as sheriff cuts against any argument that she will suffer irreparable harm by exhausting administrative remedies. *Church of Christ in Hollywood v. Superior Ct.*, 99 Cal. App. 4th 1244, 1251 (2002) (plaintiff must show "interim harm" as part of TRO analysis).

In light of the Court's jurisdictional ruling, it need not consider Petitioner's remaining arguments. The temporary restraining order is denied and any other relief sought by the Application is denied as moot.

**IT IS SO ORDERED.**

Dated: June 27, 2025

JUDGE OF THE SUPERIOR COURT

3

[PROPOSED] ORDER DENYING PETITIONER'S APPLICATION FOR EX PARTE AND PETITION FOR WRIT OF MANDATE
Case No. 25-CIV-04319

2995014