| | |
|---|---|
| W.S. Wilson Leung – 190939<br>    Wleung@mpbf.com<br>Thomas P. Mazzucco - 139758<br>    TMazzucco@mpbf.com<br>James A. Lassart – 40913<br>    JLassart@mpbf.com<br>Christopher R. Ulrich - 271288<br>    CUlrich@mpbf.com<br>Mariah S. Cooks – 333361<br>    MCooks@mpbf.com<br>Matthew J. Frauenfeld - 336056<br>    MFrauenfeld@mpbf.com<br><br>MURPHY, PEARSON, BRADLEY & FEENEY<br>550 California Street, Floor 14<br>San Francisco, CA 94104-1001<br>Telephone: (415) 788-1900<br>Facsimile: (415) 393-8087<br><br>Attorneys for Plaintiff<br>SHERIFF CHRISTINA CORPUS | KEKER, VAN NEST & PETERS LLP<br>JAN NIELSEN LITTLE - # 100029<br>jlittle@keker.com<br>ANDREW F. DAWSON - # 264421<br>adawson@keker.com<br>FRANCO MUZZIO - # 310618<br>fmuzzio@keker.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:    415 391 5400<br>Facsimile:    415 397 7188<br><br>Attorneys for Defendants DAVID CANEPA, NOELIA CORZO, JACKIE SPEIER, RAY MUELLER, and LISA GAUTHIER |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SHERIFF CHRISTINA CORPUS,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID CANEPA, President and Member of the San Mateo County Board of Supervisors, NOELIA CORZO, Vice-President and Member of the San Mateo County Board of Supervisors, JACKIE SPEIER, Member of the San Mateo County Board of Supervisors, RAY MUELLER, Member of the San Mateo County Board of Supervisors, LISA GAUTHIER, Member of the San Mateo County Board of Supervisors, and DOES 1-10,<br><br>    Defendants. | Case No. 3:25-cv-5962-VC<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:    October 16, 2025<br>Time:    2:00 p.m.<br>Court:    Courtroom 4; 17th Floor (Zoom)<br>Judge:    Hon. Vince Chhabria<br><br>Date Filed: July 16, 2025<br><br>Trial Date: Not Yet Set |

The parties submit this Joint Initial Case Management Conference Statement per Dkt. No. 55.

**1.   JURISDICTION AND SERVICE**

<u>Subject matter jurisdiction</u>.  Defendants have made ripeness arguments in the pending motion to dismiss, but the parties have agreed that Plaintiff will file an amended complaint, which may address that argument.  Otherwise, subject matter jurisdiction is not currently contested.

<u>Personal jurisdiction and service</u>.  No issues.

<u>Venue</u>.  There is no dispute that venue is proper under 28 U.S.C. § 1391.  Defendant has moved to dismiss, arguing that the Court should decline jurisdiction under the *Colorado River* doctrine.  Dkt. No. 49 at 7–9; *see infra*, Section 3.

**2.   FACTS**

**A.   Plaintiff's Statement**

Plaintiff alleges Defendants have violated her constitutional rights to procedural and substantive due process, as well as the constitutional prohibitions against *ex post facto* punishment and bills of attainder, by seeking to remove – and, as of October 14, 2025, actually removing her – from her elected office as Sheriff of San Mateo County. Her original Complaint (Dkt. No. 1, filed July 15, 2025) and her Amended Complaint (Dkt. No. 48, filed September 15, 2025) both made facial challenges to Defendants' actions and the removal procedures they promulgated. (Dkt. No. 1-2 at 183-90). In light of Defendants' vote to remove Plaintiff on October 14, 2025, and her actual removal from office on that date, Plaintiff intends to seek leave from the Court to amend her complaint. The relevant timeline of Plaintiff's allegations is:

- In or about June 2022, Plaintiff was elected Sheriff.
- On or about January 3, 2023, Plaintiff took office as Sheriff.
- In or about July 2024, San Mateo County (the "County") retained retired judge LaDoris Cordell to conduct an investigation in to alleged misconduct by someone on Plaintiff's executive team.
- On or about November 12, 2024, the County publicly release Judge Cordell's report, which recommended that Plaintiff be removed from office for alleged misconduct. (Dkt.

No. 29-1).

- On or about November 19, 2024, Defendants Noelia Corzo and Ray Mueller made statements at a Board meeting disparaging Plaintiff and indicating they had concluded she should be removed from office based on the Cordell allegations. (Transcript of meeting is Dkt. No. 29-5).

- On or about December 3, 2024, Defendants Noelia Corzo and Ray Mueller made additional statements at a Board meeting disparaging Plaintiff and indicating they had concluded she should be removed from office based on the Cordell allegations. They and other members of the Board also voted to proceed with a Special Election on March 4, 2025, on "Measure A," which would amend the San Mateo County Charter to empower the Board to remove the Sheriff. (Transcript of meeting is Dkt. No. 29-6).

- On or about March 4, 2025, Measure A passed in a special election and created § 412.5 of the San Mateo County Charter, empowering the Board to remove the Sheriff for cause.

- On or about June 5, 2025, Defendants adopted a new investigation report issued by Keker, Van Nest & Peters as its "Notice of Intent to Remove Sheriff" ("NOI") (Dkt. No. 29-12), along with Removal Procedures governing the removal process, (Dkt. No. 29-13).

- On or about June 11, 2025, Chief Probation Officer Johne Keene presided over the Pre-Removal Conference. (Transcript of Pre-Removal Conference is Dkt. No. 29-14).

- On or about June 20, 2025, Mr. Keene issued a one-page recommendation, recommending that Defendants proceed with removing Plaintiff from office. (Dkt. No. 29-15).

- On or about June 24, 2025, Defendants adopted a "Final Notice of Decision" to remove Plaintiff from office.

- On or about June 27, 2025, Plaintiff filed an appeal of the Final Notice of Decision and requested a Removal Hearing at which evidence against Plaintiff would be presented and subjected to dispute for the first time. (Dkt. No. 29-16).

- From on or about August 18 through on or about August 29, 2025, Plaintiff's Removal Hearing was conducted, with retired judge James Emerson presiding.

- On or about October 6, 2025, Judge Emerson issued his non-binding "Advisory Opinion,"

finding "cause" – but not "good cause" or "just cause" – by a preponderance of the evidence to remove Plaintiff from office because: (1) she had a close personal relationship with Victor Aenlle, a former member of her executive team; (2) she authorized the investigation and arrest of Deputy Carlos Tapia as retaliation for his position as president of the deputy sheriffs' union; and (3) she retaliated against former Captain Brian Philip by reassigning him from overseeing the Professional Standards Bureau to overseeing the jails. Judge Emerson did not find sufficient evidence establishing cause on the other fifteen allegations of the NOI. (Dkt. No. 54-1).

- On or about October 10, 2025, Defendants noticed the scheduling of a special Board meeting for October 14, 2025, to address the removal of Plaintiff. (Dkt. 54-2).
- On or about October 14, 2025, Defendants voted to remove Plaintiff from office as Sheriff of San Mateo County. As a result of this vote, Plaintiff was removed from office.

### B. Defendants' Statement

The majority of events recited in Plaintiff's section are irrelevant to this case. The salient events (about which no dispute exists) are the Board's June 5, 2025 adoption of a Notice of Intent to Remove the Sheriff; the Board's June 24 adoption of a Final Notice of Decision (which the Board adopted after Plaintiff was provided an informal conference with a neutral law enforcement officer of similar rank); the ten-day administrative appeal requested by Plaintiff that took place between August 18 and August 29, which was held before retired Judge James Emerson and at which over 30 witnesses testified, over 150 exhibits were admitted, and the Sheriff took over 30 hours to present her case; Judge Emerson's October 6 issuance of an opinion agreeing that the County had cause under state law to remove Plaintiff from office; and the Board's October 15 adoption of a resolution removing Plaintiff from office.

### 3. LEGAL ISSUES

### A. Plaintiff's Statement

In light of Defendants' removal of Plaintiff from office yesterday, Plaintiff is evaluating her legal options. Since on or about June 9, 2025, she has pursued relief in state court, but the state court has not addressed the merits of Plaintiff's claims thus far, generally denying them for

lack of administrative exhaustion. The Parties intend to return to Judge Shaspirshteyn on October 23, 2025 for a hearing on Plaintiff's renewed request for a motion to stay, which had previously been denied without prejudice on October 2, 2025.

Defendants filed a motion to dismiss Plaintiff's Amended Complaint on or about September 29, 2025, arguing that the Amended Complaint was not ripe due to the lack of administrative exhaustion, that the Court should abstain pursuant *Colorado River Water Conversation District* v. *United States*, 424 U.S. 800 (1976), and that Amended Complaint fails to state any claim for relief. Plaintiff filed her opposition on or about October 13, 2025, with Defendants' reply due on October 20, 2025. The hearing on this motion is set for November 6, 2025 at 10 am.

Plaintiff intends to ask the Court for leave to amend her Amended Complaint in light of new developments since its filing on September 15, 2025, including, notably, her removal from office yesterday. Plaintiff anticipates that any Second Amended Complaint may moot the ripeness challenge Defendants have asserted, will assert "as applied" constitutional claims as well as the facial constitutional claims previously alleged, will seek damages as well as injunctive relief, and will allege a property interest protected by due process.

**B.     Defendants' Statement**

The key threshold issue in this case is whether Plaintiff may proceed with two cases that raise the same claims and seek the same relief at the same time.  Indeed, as Plaintiff notes, she is seeking—at the same time as the Case Management Conference in this Court—relief in state court.  To conserve judicial and party resources and to reduce the risk of inconsistent rulings, Defendants believe that Plaintiff should pursue judicial review of the Board's order in just one forum.  Defendants' pending motion to dismiss therefore raises a *Colorado River* abstention argument.  Defendants do not think this case should be moving forward (amended complaint or not), and it would promote judicial economy for the Court to address that issue now.  Defendants therefore request to discuss at the CMC whether the Court would address *Colorado River* at this juncture.

If this Court addresses the merits of Plaintiff's claims, the following are the key legal

issues that appear from the face of the currently operative complaint:

- Whether, in light of Plaintiff's effort to obtain the same relief in state court as she does in this case, the Court should abstain from exercising jurisdiction under the *Colorado River* doctrine;
- Whether any procedural due process rights[1] attach to the underlying removal proceedings under the "stigma plus" doctrine and, if so, whether Defendants violated those procedural due process rights and, if so, whether such violation was prejudicial;
- Whether Plaintiff has any substantive due process right to hold elective office and, if so, whether the underlying removal impermissibly abridges that right;
- Whether the Ex Post Facto Clause prohibits the underlying removal; and
- Whether the Bill of Attainder Clause prohibits the underlying removal.

**4.  MOTIONS**

<u>Resolved motions.</u>  The Court denied Plaintiff's preliminary injunction motion on August 13, 2025.  Dkt. No. 45.  On October 12, 2025, the Court denied Plaintiff's subsequent "Emergency Motion for a Temporary Restraining Order."  Dkt. No. 52.

<u>Pending motions.</u>  There is a currently pending motion to dismiss, which raises a *Colorado River* argument among other arguments.  Dkt. No. 49.  The parties wish to discuss this motion with the Court in light of Plaintiff's intent to file an amended complaint.

<u>Anticipated motions.</u>  **Plaintiff** anticipates possibly moving for discovery (although she will seek to confer with Defendants' counsel to try to resolve or narrow this issue) and for summary judgment.  **Defendants** anticipate that the case is likely to be resolved, if not on a motion to dismiss, on summary judgment.  Defendants may consider filing a motion to stay pending the completion of Plaintiff's state-court case (including appeal).If Plaintiff pursues discovery, Defendants anticipate filing a motion for a protective order.

**5.  AMENDMENT OF PLEADINGS**

Plaintiff intends to file a Second Amended Complaint. Defendants do not oppose

---

[1] *Snowden v. Hughes*, 321 U.S. 1, 7 (1944) (An "unlawful denial by state action of a right to state political office is not a denial of a right of property or of liberty secured by the due process clause.")

amendment, subject to the Court's approval. But as noted above, Defendants do not think this case should be moving forward, amended complaint or not, and would like discuss whether the Court would address *Colorado River* now.

6. **EVIDENCE PRESERVATION**

    A.    **Plaintiff's Statement**

    Plaintiff anticipates a need for discovery and will confer with Defendants' counsel to address this issue. Plaintiff certifies that she has reviewed this Court's ESI Guidelines.

    B.    **Defendants' Statement**

    This case does not require discovery and can be resolved on the basis of the administrative record. Defendants certify that they have reviewed this Court's ESI Guidelines.

7. **DISCLOSURES**

    The Parties have not exchanged initial disclosures.

8. **DISCOVERY**

    A.    **Plaintiff's Statement**

    Plaintiff anticipates a need for discovery to supplement the administrative record.

    B.    **Defendants' Statement**

    Defendants anticipate that discovery is not necessary in this case because the pending Motion to Dismiss is dispositive of the case. In the event that the case continues to summary judgment, this is an administrative record case that raises purely legal questions and discovery is unnecessary.

9. **CLASS ACTIONS**

    Not applicable.

10. **RELATED CASES**

    A.    **Plaintiff's Statement**

    The Parties intend to return to Judge Shapirshteyn on October 23, 2025 for a hearing on Plaintiff's renewed request for a motion to stay, which had previously been denied without prejudice on October 2, 2025. Plaintiff is seeking to enforce an August 29, 2025 order by Judge Finigan of the San Mateo County Superior Court requiring San Mateo County to disclose,

pursuant to the California Public Records Act, certain documents relating to the Cordell Report. The County (represented by County Counsel) is challenging Judge Finigan's order with state Court of Appeals.

### B.     Defendants' Statement

Defendants recount the related state-court case, which is the basis of Defendant's motion to dismiss based on the *Colorado River* doctrine, more fully in the pending motion to dismiss. Most significantly, on June 9, 2025—six weeks before she filed this case—Plaintiff filed a lawsuit in San Mateo Superior Court challenging the underlying administrative proceedings. Defendants understand Plaintiff to be seeking in state court all relief that she also seeks in federal court. On June 9, the Superior Court, after hearing oral argument, denied a TRO seeking to enjoin the underlying proceedings. On June 27, the Superior Court denied a second TRO seeking to enjoin the underlying proceedings. On August 25, the Superior Court denied a motion to reconsider the June 27 order (after Plaintiff waived oral argument). On September 15, Plaintiff filed a new motion seeking an order that would stay the effect of any Board vote to remove Plaintiff from office. The Superior Court heard argument on September 23, and it denied the motion on October 2.

The Superior Court's October 2 order states: "The County has committed not to fill any vacancy for 14 days following any final removal decision. This stipulation preserves Petitioner's ability to seek judicial relief post-decision, while respecting the statutory framework that limits judicial review to final administrative actions." Thus, it appears that the Superior Court may entertain Plaintiff's merits arguments very soon.

## 11.    RELIEF

### A.    Plaintiff's Statement

As currently pled, Plaintiff's Amended Complaint sought injunctive relief to prevent her removal from office. Plaintiff will seek leave to amend the Amended Complaint in light of her removal from office yesterday, which will seek both injunctive relief and damages.

### B.    Defendants' Statement

Defendants deny that Plaintiff is entitled to any relief in this case.

**12.   SETTLEMENT AND ADR**

Based on discussions to date, the parties do not believe that this case is amenable to traditional ADR efforts.

**13.   OTHER REFERENCES**

Not applicable.

**14.   NARROWING OF ISSUES**

After resolution of the motion to dismiss, the parties will confer as to whether it is possible to narrow the issues before the Court.

**15.   SCHEDULING**

The parties agree that it is premature to set a formal case schedule.  The parties will stipulate to the following schedule to amend the pleadings and the related motion to dismiss.[2]

Plaintiff to file amended complaint: Nov. 3, 2025.

Defendants to file motion to dismiss: Nov. 24, 2025.

Plaintiff to file opposition: Dec. 15, 2025.

Defendants to reply: Jan. 14, 2026.

Hearing to be noticed for January 29, 2026.

**16.   TRIAL**

The parties believe it is premature to estimate the length of trial before the pleadings are settled.

**17.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

   A.   **Plaintiff's Statement**

   B.   **Defendants' Statement**

Defendants are exempt from Local Rule 3-15.

**18.   PROFESSIONAL CONDUCT**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

---

[2] Defendants agree to the proposed briefing schedule to aid in orderly case management, but it is not a waiver of Defendants' position that the Court should address abstention at an earlier point.

**19.   OTHER MATTERS**

The Parties are not presently aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this action.

Dated: October 15, 2025

MURPHY, PEARSON, BRADLEY & FEENEY

By:  */s/ W.S. Wilson Leung*
W.S. Wilson Leung
Thomas P. Mazzucco
James A. Lassart
Christopher R. Ulrich
Matthew J. Frauenfeld
Mariah S. Cooks

Attorneys for SHERIFF CHRISTINA CORPUS

Dated: October 15, 2025

KEKER, VAN NEST & PETERS LLP

By:  */s/ Andrew F. Dawson*
JAN NIELSEN LITTLE
ANDREW F. DAWSON
FRANCO MUZZIO

Attorneys for Defendants DAVID CANEPA, NOELIA CORZO, JACKIE SPEIER, RAY MUELLER, and LISA GAUTHIER

# ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from all other signatories.

*Andrew F. Dawson*
Andrew F. Dawson